**KIRBY LUMBER CORPORATION**
**et al., Appellants,**

**v.**

**Mrs. Mollie KARPEL et al., Appellees.**

**No. 15797.**

United States Court of Appeals
Fifth Circuit.

May 15, 1956.

Tom Reavley, Jasper, Tex., Wm. Brantly Harris, Houston, Tex., Fisher & Reavley, Jasper, Tex., for Allen A. Few et al., appellants.

B. L. Collins, Lufkin, Tex., Fountain, Cox & Gaines, Houston, Tex., for George Lanier and Kirby Lumber Corp., appellants.

Before BORAH, TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

Diversity of citizenship and an allegation that the amount in controversy exceeded $3,000, bring this litigation within Federal orbit. The plaintiffs below, appellees here, brought suit for damages resulting from the unauthorized cutting and removal of timber from plaintiffs' land in Newton County, Texas. The timber was cut by the defendant, McKinley White, converted by him into cross-ties which were sold to the defendants, George Lanier and John Robert Stewart, and by them, or one of them, resold to the defendant, Kirby Lumber Corporation. The other defendants were owners of undivided interests in lands which had formerly been a part of a larger tract held in common by the landowning defendants and the plaintiffs, or their predecessors. The plaintiffs' land, adjoining that of the defendants, was severed from the original tract by a partition in pais.

The defendant, Allen A. Few, was agent for the land-owning defendants. He was a timber man of long experience. He made a deal for the sale of the ties to Lanier and Stewart and arranged with the defendant White to make ties on the property of the landowning defendants. White was unfamiliar with the boundary lines. These had been recently run. Few took White to the land and pointed out one or two of the lines. He told White of the partition and of the necessity of ascertaining and staying within the lines. Because of the age and poor health of Few, he did not show White the other lines but referred White to Elmer Simmons and George Woods for their assistance in the performance of this essential task. Simmons did not have time to show White the boundaries but Woods undertook to do so. His locations were incorrect and this caused White to encroach upon the lands of the plaintiffs and cut timber therefrom. The proceeds of the ties from the Karpel land, as well as those from the property of the land-owning defendants, were divided among them and White.

By one paragraph of the complaint, it was alleged that the defendants, individually and as agents for one another, and by others, cut timber of a designated value "at the stump," which amount they said they should be paid. By a later paragraph of the complaint, it was charged that the defendants were grossly negligent in the cutting of the timber and this, plaintiffs alleged, entitled them to damages measured by the manufactured value of the timber cut, a sum substantially larger than the amount claimed on the basis of stumpage value. The prayer was for damages "as hereinabove alleged."

The case was tried without a jury. At the conclusion of the evidence and argument the district court entered a judgment finding that the defendants cut and removed timber from the land of plaintiffs of the value at the stump of $1,240.51, which amount the plaintiffs were adjudged entitled to recover from the defendants, jointly and severally. The judgment gave to the defendants Stewart, Lanier and Kirby Lumber Corporation the right to recover

Marsh did not have to wait for a formal ruling on the motion of December 7 to assign another judge. This motion was premised on the fallacious theory that the mere filing of the affidavit removed him from the case.

over from the other defendants any amounts which they might be required to pay. All of the defendants, except McKinley White, have appealed. Four specifications of error are made: first, that there was no evidence to support a finding that appellants cut and removed timber from plaintiffs' land; second, that judgment should not have been entered against certain of the defendants; third, that the land-owning defendants had no liability to plaintiffs as White, they say, was not their employee nor were they in a joint enterprise with him; and fourth, that having sought and failed to recover the penalty damages measured by the manufactured value of the timber, the plaintiffs were not entitled to damages measured by stumpage value.

■■ There was not, to be sure, any physical cutting and removing of timber by the appellants from the land of plaintiffs. We think it is unnecessary to determine whether the role of McKinley White, who did the physical cutting and removing of timber from plaintiffs' lands, was employee or agent, or an independent contractor of the land-owning defendants, or whether he was a timber purchaser. The liability of the defendants is not and was not intended to be dependent upon their participation in the actual severance and removal of the timber either personally or through an agent or employee. It is the law of Texas,

" * * * that liability for trespass is not dependent upon personal participation. One who aids, assists, or advises a trespasser in committing a trespass is equally liable with him who does the act complained of." McDaniel Bros. v. Wilson, Tex.Civ.App., 70 S.W.2d 618, 621.

The rule stated is applicable where the party who cut the timber is an independent contractor. Cummer Mfg. Co. v. Copeland, Tex.Civ.App., 35 S.W.2d 758.

■ There was evidence to sustain the participation of all of the land-owning defendants. We accept the district court's findings. Fed.Rules Civ.Proc. rule 52(a), 28 U.S.C.A. The land-owning defendants were represented by the defendant Few as their agent. He undertook, on their behalf, to see that the defendant, McKinley White, had accurate information as to the boundary lines within which the cutting of timber was to be confined. To the extent the lines were not designated by the defendant Few, they were to be designated by others named by him. The agent Few was acting within the apparent scope of his agency. The land-owning defendants cannot escape liability because the true property lines were not shown to White. The Texas Court of Civil Appeals has had a like case before it and has said:

"It appears from the record without contradiction that defendant Cummer Manufacturing Company, through its agents, directed the parties who cut the timber for it where to cut and that they cut no timber except such as they were directed to cut by the defendant Cummer Manufacturing Company. Under such circumstances as these, Cummer Manufacturing Company would be liable even though the parties who cut the timber were independent contractors." Cummer Mfg. Co. v. Copeland, Tex.Civ.App., 35 S.W.2d 758. See 23 Tex.Jur. 561, Independent Contractors § 16.

The failure to discharge the duty, assumed by the land-owning defendants acting through their agent, to show the correct location of the boundary lines, casts on them the liability for the damage resulting from that failure. That damage has been found to be the stumpage value of the timber cut from the plaintiffs' land.

The appellants urge that the plaintiffs should have been denied recovery of the stumpage value of the timber because manufactured value was sought and denied. To recover manufactured value "the act of taking or trespass must have been willful and without the

belief in good faith that he [the trespasser] had the right to make appropriation thereof." DeWitz v. Saner-Whiteman Lumber Co., Tex.Civ.App., 155 S. W. 980, 981. Supporting their position the appellants quote from Martin v. Grogan-Cochran Lumber Co., Tex.Civ.App., 176 S.W.2d 780, 783, the following:

"Under the pleadings of appellants, if they were not entitled to a judgment for the manufactured value of the timber, then they were not entitled to judgment for the stumpage value because there was no such allegation either plead or prayed for."

In the cited case there was no claim for stumpage value. Here there were alternative claims and a prayer for damages "as alleged". The pleading conformed in this respect to the requirement of the Rules. Fed.Rules Civ.Proc. rule 8(a), (e). The Texas Rules are to the same effect. Tex.Rules Civ.Proc. rules 47, 48.

We find no error. The judgment is Affirmed.