**COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, Appellant,**

**v.**

**Wilson D. MABRY, Appellee.**

**No. 15468.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

May 22, 1969.

Rehearing Denied June 12, 1969.

J. W. Patten, Houston, for appellant; Stafford & Patten, Houston, of counsel.

James B. Davis, Mabel Grey Howell, Houston, for appellee.

PEDEN, Justice.

Suit under the Workmen's Compensation Act by Wilson D. Mabry to set aside an award of the Industrial Accident Board and for total, permanent disability. Commercial Union Insurance Company has filed this appeal from a judgment which

included a recovery by Mabry for 190 weeks of partial disability based in part on .a jury finding that his average daily wage before injury was $37.26. Appellant contends that this finding is excessive and that Mabry's recovery should be based on an average daily wage of $13.00, because he is bound to the $13.00 figure by his pleadings.

In Mabry's pleadings as to his wage rate he alleged that he had worked in the employment in which he was working at the time he was injured for the same or another employer for at least 210 days immediately before he was injured and that "he had an average daily wage during the days he actually worked of *at least* Thirteen ($13.00) Dollars per day." (emphasis added)

In the alternative, he alleged that another employee of the same class had an average daily wage of $13.00 per day.

Also in the alternative, he alleged that it would be just and fair to calculate his compensation rate by the wages he was earning at the time he was injured, to wit: $186.00 per week.

■ The jury found that Mabry had worked in the same employment for at least 210 days, as alleged in the first of these alternative methods of determining his average wage, and that this wage was $37.26 per day. The second of these alternative methods, which is concerned with what another employee was paid, was not submitted to the jury; at no other place in Mabry's petition did he allege that anyone's average wage rate was $13.00 per day. His recovery is not to be limited by a computation based on an alternative statement which is inconsistent with the one relied on in the trial. Rules 47 and 48, Texas Rules of Civil Procedure; Kirby Lumber Corp. v. Karpel, 233 F.2d 373 (5th Cir. 1956).

It is also noted that Mabry alleged in his petition that he was totally and permanently disabled, and his prayer was for benefits of $35.00 per week for 401 weeks.

■ "At least" means "not less than". Mabry's pleading does not fix an upper limit to his allegation of his average daily wage before he was injured. It would be a gross distortion of the language to hold that "at least $13.00" means just the opposite: "at most $13.00".

■ The transcript does not show that any exception was levelled at the allegation in appellee's pleadings that his average daily wage was "at least $13.00". If this assertion did not give appellant fair notice of appellee's claim, the defect was waived by failure to except to it. Rule 90, T.R.C.P. The record before us on appeal consists of a transcript only; no statement of facts was filed. The appellant concedes that evidence was admitted in the trial court to show that appellee's average daily wage was more than $13.00 and makes no contention that the evidence does not support the verdict.

Appellant relies on the holding in Traders & General Insurance Co. v. Lincecum, 81 S.W.2d 549 (Ft. Worth Civ.App.1935, reversed on other grounds, 130 Tex. 220 107 S.W.2d 585), that the claimant's compensation could not be computed upon a basis larger than $3.00 per day because he had alleged in his pleadings that his average daily wage before his injury had been $3.00 per day. In that case the claimant alleged in his petition that he was earning $3.00 per day when he was injured. Then in pleading the alternative methods of computing his average daily wage he alleged that it was at least $3.00 per day and his compensation rate would be $1.80 per day or at least $12.60 per week, same being 60% of his average weekly wages.

We think that case is distinguishable from the instant case on the facts. Mabry did not allege that his rate was $13.00 per day. Further, *Lincecum* was decided several years before the adoption of the Texas Rules of Civil Procedure, which relaxed

the strictness with which pleadings were generally construed before 1941. See 2 McDonald, Texas Civil Practice 513, § 5.-18, Waiver of Defects in Pleading.

The judgment of the trial court is affirmed.