**Elvera M. WHITE, Appellant,**

v.

**The CITIZENS NATIONAL BANK OF BOONE, Iowa, R. J. Grabau Construction, Inc., and R. J. Vickrey, Inc., Appellees.**

No. 58839.

Supreme Court of Iowa.

Feb. 22, 1978.

McCullough Law Firm, Sac City, for appellant.

E. Eugene Davis and John K. Vernon, Des Moines, and Richard T. Jordan, Boone, for appellee, the Citizens National Bank of Boone.

Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for appellee, R. J. Vickrey, Inc.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

This appeal concerns damage done to plaintiff's building during construction work on adjacent property owned by the Citizens National Bank of Boone, Iowa. Plaintiff was awarded judgment of $3,000.00 against the bank and $100.00 against R. J. Vickrey, Inc. The jury found a third defendant, R. H. Grabau Construction, Inc., was not liable and returned a verdict in its favor. Plaintiff has appealed, alleging erroneous rulings by the trial court, both as to the admission of evidence and on instructions to the jury, prevented her from establishing her actual damages. The bank has also appealed but only as to the manner in which the damages were apportioned between it and R. J. Vickrey, Inc. We affirm on plaintiff's appeal and modify and affirm on the bank's appeal.

None of the issues raised in either appeal concerns R. H. Grabau Construction, Inc. Our consideration is limited to the rights of the plaintiff, the bank, and Vickrey.

I. The bank owned property immediately east of plaintiff's land. The building on her property was only three feet from the lot line. In excavating for remodeling work, the bank's contractor, Vickrey, trespassed on plaintiff's property, removing a quantity of earth supporting the north wall of plaintiff's building. When it became apparent the wall was without adequate lateral support, Vickrey notified the president of the bank. He immediately called plaintiff, advising her of what had happened, assuring her the incident was the bank's fault, and stating any damage would be remedied without cost to her.

Plaintiff, in turn, contacted her attorney, who instructed the bank not to repair plaintiff's building and to refrain from "trespassing on plaintiff's land."

Later plaintiff started suit against the bank, against Vickrey, the company which had done the excavating, and against R. H. Grabau Construction, Inc., the contractor which had done some remedial work after the original damage.

Plaintiff's principal complaint is that the removal of lateral support by the bank's contractor caused her north wall to crack and the building to settle or, as the evidence puts it, to "move." She alleged the building was "materially weakened" and that it "will [remain in a] precarious [condition] into the indefinite future."

We are not concerned with the question of liability. That question has been settled by the jury verdict. The jury found both the bank and Vickrey guilty of trespass. Neither defendant appeals from that finding nor from the jury's conclusion plaintiff suffered damage. Plaintiff's appeal deals only with alleged errors in the admission of evidence and in the instructions on damages. Plaintiff insists she could have proven damages in excess of $25,000.00 if the trial court had ruled correctly on these matters.

II. Before discussing the specific issues, we first mention several propositions which plaintiff urges as grounds for reversal but which we decline to consider. These include alleged errors in instructions concerning liability, the refusal to permit plaintiff to testify as to her reasons for refusing to let the bank repair her property, and the trial court's refusal to allow plaintiff to introduce the city building code.

If these matters had any relevance, it was as to liability only. Since plaintiff prevailed on that issue, any error was without prejudice. Ordinarily a successful party may not appeal from errors which do not result in prejudice. *Nassif v.*

*Pipkin*, 178 N.W.2d 334, 337 (Iowa 1970); *Shaw v. Addison*, 236 Iowa 720, 733, 18 N.W.2d 796, 803 (1945); *Iowa Public Service Company v. Sioux City*, 254 Iowa 22, 27, 29, 116 N.W.2d 466, 469, 470 (1962). If there was error in these rulings—a matter we do not pass on—it was non-prejudicial and affords plaintiff no ground for reversal.

III. This leaves for consideration the following issues on plaintiff's appeal:

1. The trial court's refusal to permit certain testimony as to damages because of plaintiff's violation of Rule 125, Rules of Civil Procedure, concerning answers to interrogatories.

2. The trial court's order setting aside the jury's award of punitive damages.

3. The trial court's refusal to permit evidence concerning the before-and-after values of plaintiff's building.

IV. We take up first the matter of plaintiff's alleged violation of Rule 125, the most troublesome issue in the case. Defendants filed interrogatories directed toward ascertaining the extent of plaintiff's damage and the amount necessary to repair her building. In replying to these interrogatories, plaintiff included information she had obtained from her architect, together with his written estimate of the repair work to be done and its reasonable value. The total amount was $4,900.00. The architect's estimate contained several escape clauses, including a statement that his estimate was the best he could make "at this time" and another that "further inspection of the property will be necessary at some future date."

The answers to the interrogatories concerning damage were never supplemented. On the first day of trial it became apparent plaintiff intended to have her architect testify to damages exceeding $25,000.00 rather than the $4,900.00 estimated in the answers to interrogatories. Defendants immediately objected on the ground that plaintiff had violated Rule 125, that the proposed evidence took them completely by surprise, and that they had no opportunity to prepare to meet the testimony of damages in that amount. They asked that the evidence of the architect be limited to testimony concerning damages as shown by the answers to interrogatories—$4,900.00.

A prolonged hearing was held on this question outside the presence of the jury. Plaintiff protested her good faith. She insisted there was no intent to withhold information from defendants and that she had at all times intended that they know the full extent of her damages. She also argued that, because she had amended her petition to increase the amount of her prayer, it must have been apparent to defendants she was claiming damages in an amount greater than the architect had first estimated. Hence they could not have been surprised.

Rule 125 provides as follows:

"A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

"(a) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (1) The identity and location of persons having knowledge of discoverable matters, and (2) The identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

(b) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (1) He knows that the response was incorrect when made, or (2) He knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

(c) * * *."

This rule was adopted in 1973. We have had no occasion until now to consider the sanctions to be imposed for its violation. However, Federal Rule 26(e) is identical with our Rule 125. A number of decisions under that rule are helpful here.

■ The purpose of the rule is to avoid surprise and to permit the issues to become both defined and refined before trial. This allows litigants to prepare for the actual matters they will ultimately confront. Faced with a claim for $25,000.00, defendants quite reasonably might have engaged in more investigation, might have themselves hired experts, and might have been prepared to meet plaintiff's evidence with additional rebutting testimony of their own. They were effectively denied this opportunity by plaintiff's failure to supplement her answers.

■ The trial court ruled plaintiff had ignored Rule 125 and sustained the motion to limit evidence of damage to the estimate plaintiff had used in answering the interrogatories. In reviewing this matter, we reverse only for an abuse of discretion. *Haumersen v. Ford Motor Co.*, 257 N.W.2d 7, 13–14 (Iowa 1977); *Sandhorst v. Mauk's Transfer, Inc.*, 252 N.W.2d 393, 399 (Iowa 1977).

Plaintiff argues Rule 125 confers no power to impose sanctions. We disagree. Our rule was taken without change from Federal Rule of Civil Procedure 26(e), which has generally been construed to recognize such power. *See Davis v. Marathon Oil Co.*, 528 F.2d 395, 403 (6th Cir. 1975); *Weiss v. Chrysler Motors Corp.*, 515 F.2d 449, 457 (2d Cir. 1975); *Havenfield Corp. v. H & R Block, Inc.*, 509 F.2d 1263, 1272 (8th Cir. 1975), *cert. denied* 421 U.S. 999, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975); *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 304 (5th Cir. 1973); *Tabatchnick v. G. D. Searle & Co.*, 67 F.R.D. 49, 20 F.R.Serv.2d 980 (D.N.J.1975). *See also* comment in A. Vestal and P. Willson, *Iowa Practice* § 24.06 (1974).

■ We hold trial courts have inherent power to enforce our discovery rules and have discretion to impose sanctions for a litigant's failure to obey them.

■ The question we must decide is whether the trial court abused its discretion by excluding the evidence which should have been disclosed to defendants before trial. Plaintiff argues the penalty was severe and indeed it was. Other judges perhaps might have ruled otherwise, but we cannot say the trial court abused its discretion.

The case had been pending for a long time. The original interrogatories had been submitted and answered more than a year before trial. In the meantime plaintiff supplemented answers previously given to two other interrogatories, but she neglected to do so with respect to this vital matter.

Nor do we think plaintiff can escape the impact of the rule by pointing to the statements in the answer which limited the opinion as to time or which pointed out a later inspection should be made. The later inspection had in fact been made; the early estimate had in fact been updated. This is apparent because the architect was prepared to increase his first estimate of repairs from $4,900.00 to more than $25,000.00. Nevertheless the answers to the appropriate interrogatories relating to repairs were not supplemented. Such information had to come to defendants after the trial was underway.

■ We do not agree with plaintiff that the failure to supplement under present circumstances must amount to a "knowing concealment." The duty here arises under Rule 125(a)(2) dealing specifically with expert witnesses. The "knowing concealment" portion of the rule (§ 125(b)(2)) is not applicable. We set out what we consider to be a proper statement of the rule from *Tabatchnick v. G. D. Searle & Co.*, 67 F.R.D. at 55:

"Rule 26(e)(1) of the Federal Rules of Civil Procedure is also pertinent. So far as applicable here, that rule imposes a *duty to supplement* responses for discovery addressed to 'the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.' This duty is directed to be discharged 'seasonably.' In the absence of unexpected developments, supplementation after the jury has been drawn cannot be considered to have been

made 'seasonably.' The *subjective explanation* for the default is *irrelevant.* It makes no difference whether it was due to *failure to prepare for trial* or to an *intentional* purpose to gain the benefit of *surprise.* The rule bars the result without regard to cause, except for those beyond control." (Emphasis added)

We hold the trial court did not abuse its discretion in rejecting the proffered testimony on damages.

V. The next issue concerns punitive damages. The jury verdict awarded punitive damages of $1,000.00 against the bank. Upon motion following trial, the court set this aside, holding the record did not support punitive damages in the absence of evidence that the conduct of the bank was malicious, reckless, or grossly negligent.

We believe this ruling was correct. The evidence is overwhelming that the trespass was accidental. The bank immediately reported it to the plaintiff and undertook to indemnify her against any loss. This commitment was not fulfilled, apparently because the parties got embroiled in controversy concerning the amount of damage plaintiff suffered.

Plaintiff argues that the trespass itself was an illegal act sufficient to support such an award. We disagree. An act, even though illegal, must be accompanied by circumstances which supply the necessary animus. In *McCarthy v. J. P. Cullen & Son Corp.*, 199 N.W.2d 362, 369 (Iowa 1972), we said malice may be established by "showing wrongful or illegal conduct *committed or continued with a willful or reckless disregard of another's rights*" or by "the *intentional* commission of a wrongful act without just cause or excuse." (Emphasis added)

In *Hagenson v. United Telephone Company of Iowa*, 209 N.W.2d 76, 82 (Iowa 1973), we held that an award of punitive damages for commission of a trespass is permissible in certain cases. In *Hagenson*, we detailed a number of circumstances which distinguish that case from this. We held there

was a complete failure to make any investigation concerning ownership or easement rights despite several clear indications the company was not justified in going on plaintiff's land. We also held the manner in which the work was done indicated a total disregard of the plaintiff's rights. We affirmed the submission of punitive damages in that case.

In *Earl v. Clark*, 219 N.W.2d 487, 491 (Iowa 1974), we repeated the requirement that the illegal act relied on must be accompanied by proof it was committed with "willful or reckless disregard of plaintiff's rights." There are no such circumstances shown by this record, and the trial court was right in setting aside the punitive damage award against the bank.

VI. The last issue on plaintiff's appeal is the alleged error committed by the trial court in refusing to permit damages of before-and-after value. The propriety of this ruling depends on whether the building was subject to repair or whether it could not be repaired. If the former, the true measure of damages is the amount necessary to restore it to its former condition, including any special items of damage which are shown. If the latter, the measure of damages is the value of the property before the trespass diminished by its value after the trespass.

Again we believe the trial court ruled correctly. The only conclusion to be reached from a review of all the evidence is that the building could be repaired. It is quite true plaintiff's architect vacillated on this issue, but his final unequivocal conclusion was that the building could be repaired. The trial court submitted the case on the proper theory of damages. *See Schiltz v. Cullen-Schiltz & Associates, Inc.*, 228 N.W.2d 10, 21 (Iowa 1975); *State v. Urbanek*, 177 N.W.2d 14, 16–17 (Iowa 1970); *McCune v. Muenich*, 255 Iowa 755, 761, 124 N.W.2d 130, 133 (1963).

VII. There remains the one issue raised on the bank's appeal concerning the apportionment of damages between the bank and Vickrey. We review the circumstances under which this question arises.

The case was submitted under instructions which told the jury the bank was liable only if Vickrey had committed a trespass on plaintiff's land under the direction of the bank. The bank had requested such an instruction. Vickrey did not object to it. We set it out in part:

"You are instructed that as regards defendant Citizens National Bank of Boone, defendant, * * * R. J. Vickrey, Inc., [is] what is known as [an] independent contractor. One who engages an independent contractor to do lawful work is not ordinarily responsible for damages resulting to others due to acts of the independent contractor in the performance of that work.

In the present case, if you find that defendant R. J. Vickrey, Inc., trespassed upon and removed earth from plaintiff's property, defendant Citizens National Bank of Boone would be liable for any damages resulting from such trespass only if you further find that plaintiff has established by a preponderance of the evidence that defendant Citizens National Bank of Boone instructed defendant, R. J. Vickrey, Inc., to make such trespass. If plaintiff has failed to establish by a preponderance of the evidence that defendant Citizens National Bank instructed defendant R. J. Vickrey, Inc., to make such trespass, then defendant Citizens National Bank would not be liable for any damages resulting therefrom."

The case went to the jury on a series of special interrogatories, the answers to which are helpful in resolving the question before us. The answers to the interrogatories established that plaintiff was entitled to recover actual damages from "one or more of the defendants" in the amount of $3,100.00; that the bank should pay $3,000 of this amount; and that Vickrey should pay only $100.00.

It is apparent that the jury arrived at the $3,100.00 amount fixed in the first interrogatory by assessing $3,000.00 against the bank and $100.00 against Vickrey. We hold this apportionment of damages cannot stand. We agree with the bank that verdict and judgment under this record should have been against both defendants in the amount of $3,100.00.

Vickrey argues the judgments should not be disturbed. It insists the defendants were separately liable for individual acts of negligence and, therefore, the jury properly assessed each for the damages which this individual negligence caused.

■ This is not borne out by the record. Under the instructions the jury could only hold the bank liable for the trespass committed by its independent contractor, Vickrey. While ordinarily one is not liable for the action of an independent contractor, when a trespass is committed under the direction of the employer, there is liability. See Kirby Lumber Corp. v. Karpel, 233 F.2d 373, 375 (5th Cir. 1956); Kopka v. Bell Telephone Co. of Pennsylvania, 371 Pa. 444, 91 A.2d 232, 235 (1952); 75 Am.Jur.2d Trespass § 32 (1974); 87 C.J.S. Trespass § 31c(5) (1954).

By finding Vickrey liable, the jury found it had committed a trespass. By holding the bank liable, the jury found the trespass had been committed by its direction as to the work to be performed. By finding in favor of Grabau, the jury disposed of Vickrey's argument that the verdict against the bank included damage caused by Grabau's conduct.

■ We have, then, a situation in which Vickrey and the bank are both liable for a single trespass. Under such circumstances, they are jointly and severally liable. The jury was wrong in attempting to determine the respective amounts each should pay. See Drake v. Keeling, 230 Iowa 1038, 1050–51, 299 N.W. 919, 925–926 (1941). This error is easily corrected. The jury had decided the parties liable and the amount of damages plaintiff sustained. The attempt to apportion this amount, while improper, may be considered as surplusage which does not invalidate the principal findings.

The trial court should have disregarded the apportionment of damages and entered judgment against both for the full amount of $3,100.00. A number of courts have ap-

proved this procedure, and we do so now. See *Pure Gas & Chemical Co. v. Cook*, 526 P.2d 986, 989 (Wyo.1974); *Pearson v. Arlington Dock Co.*, 111 Wash. 14, 189 P. 559, 561 (1920); *Norris v. Richards*, 193 Tenn. 450, 246 S.W.2d 81, 85–86 (1952); *Crystal Tire Co. v. Home Service Oil Co.*, 465 S.W.2d 531, 533–35, 46 A.L.R.3d 794, 798–800 (Mo.1971); *Annot.*, 46 A.L.R.3d 801, 830 (1972).

We set aside the judgments for actual damages and instead order the district court to enter judgment for $3,100.00 against both the bank and Vickrey.

VIII. One other matter should be mentioned. The jury returned a verdict for exemplary damages against Vickrey in the amount of $100.00. Vickrey has not challenged that award on this appeal, and it accordingly stands as a judgment against Vickrey in addition to the aforesaid $3,100.00 judgment for actual damages.

AFFIRMED ON PLAINTIFF'S APPEAL; MODIFIED AND AFFIRMED ON THE APPEAL OF CITIZENS NATIONAL BANK OF BOONE.