**Earl BRITT, an Individual, and Pizza Palace, Inc., a South Dakota Corporation, Plaintiffs and Appellants,**

**v.**

**CITY OF SIOUX FALLS, a Municipal Corporation, Defendant and Appellee.**

**No. 12684.**

Supreme Court of South Dakota.

Submitted on Briefs Feb. 22, 1980.

Decided April 30, 1980.

John N. Gridley, III, Sioux Falls, for plaintiffs and appellants.

Richard O. Gregerson of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellee.

DUNN, Justice.

Plaintiff Pizza Palace (the corporation) and plaintiff Earl Britt, President of the corporation and the lessee of a portion of the corporation's property that gives rise to this action, appeal from a summary judgment entered in favor of defendant City of Sioux Falls (the city). We affirm.

On August 28, 1972, the corporation, by and through its President Earl Britt, entered into a contract with the city whereby it would purchase and develop land in the Sioux Falls Urban Renewal District. Under the terms of the contract, the corporation was required to submit all development plans to the city for approval. The corporation submitted plans under which its development would have a southern exposure, and the city approved these plans. The Urban Renewal Plan for Sioux Falls was incorporated into the contract.

At the time the contract was executed, the land immediately south of the corporation property was designated "F–2," which is defined as follows: "There shall be *at least one* level of parking utilizing the entire site to the fullest extent possible before any other use may be permitted." (emphasis added) In the same Urban Renewal Plan there is a similar category designated "F–1," which is defined as follows: "There shall be *at least two* levels of parking utilizing the entire site to the fullest extent possible before any other use may be permitted." (emphasis added)

The Sioux Falls Downtown Holiday Inn existed at the time the corporation built its business and was located immediately south of the corporation's building. Several years after the execution of the contract in question, the owners of the Holiday Inn decided to make some additions. In connection with this expansion, Sioux Falls City ordinances required that approximately 150 additional off-street-parking spaces be provided for Holiday Inn patrons. The owners of the Holiday Inn applied for a variance to reduce the required number of additional parking spaces to 75. This variance was granted.

The Holiday Inn constructed a second level of parking spaces to comply with the ordinance and the accompanying variance. Plaintiffs contend that their southern light, air, and access were usurped and seek damages in the amount of $850,000 for the corporation and $110,000 for Earl Britt. Plaintiffs' theory is that the variance and the subsequent construction of additional parking spaces were an illegal taking and that the city in effect changed the zoning classification from F–2 to F–1, thereby breaking the initial development contract.

Summary judgment is properly granted only where no question of material fact exists. It is not proper where a state of mind is involved. *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968). We agree with the city that no question of material fact exists here. The development contract between the corporation and the city specifically emphasized the need for the corporation to be aware of the terms of the Urban Renewal Plan incorporated into the contract. Plaintiffs are thus held accountable for knowing that the land immediately to the south was zoned F–2, which requires "at least" one level of parking. "At least" clearly means "not less than." *City of St. Charles v. Stookey*, 154 F. 772 (8th Cir. 1907); *Commercial Union Ins. Co. of New York v. Mabry*, 442 S.W.2d 413 (Tex.Civ.App.1969). We have held that statutory words should be given their ordinary and popular meaning. *Board of Regents v. Carter*, 89 S.D. 40, 228 N.W.2d 621 (1975). To interpret the words "at least one level of parking" as actually meaning "at most one level of parking," as plaintiffs apparently urge, would be at odds with this "ordinary meaning" guideline.

The city did not change the zoning classification from F–2 to F–1 when the Holiday Inn built the second parking level. Plaintiffs are forced by the terms of the development contract to be aware, through the plain wording of the F–2 classification, that a second parking level was a future possibility. Plaintiffs' reliance upon *Davenport Osteopathic Hosp. Ass'n v. Hospital Serv.*, 261 Iowa 247, 154 N.W.2d 153 (1967), is misplaced. There was a question of fact in that case regarding whether plaintiff had impliedly consented to a contract modification. In the instant case, no contract modification occurred, and there is no question of fact on this point.

Plaintiffs further contend that the granting of the variance, which allowed a reduction from 150 to 75 parking spaces, changed the Urban Renewal Plan. This is incorrect. In granting the variance, the city was not granting permission to build a second parking level; that right already existed. The city merely reduced the number of additional parking spaces required by city ordinances. This variance did not change the Urban Renewal Plan. There is no question of fact here.

Finally, plaintiffs argue that the city's approval of the plans for a southern exposure misled them into believing that this southern exposure would be forever guaranteed. The city's approval of these plans, however, did not violate any portions of the Urban Renewal Plan or city ordinances; it only authorized the corporation to construct a building in accordance therewith. The procedure of approving plans is specifically designed to make sure that existing establishments are not encroached upon and that existing laws are not violated.

This approval procedure, which must be followed by all prospective businesses, did not assure plaintiffs that conditions would remain static, especially when the terms of the development contract indicate otherwise.

The summary judgment is affirmed.

All the Justices concur.