

# The Attorney General of Texas

March 18, 1980

1ARK WHITE
.ttorney General

.upreme Court Building
·O Box 12548
.ustin TX 78711
12.475-2501

·01 Commerce. Suite 200
)allas. TX 75202
:14/742-8944

1824 Alberta Ave.. Suite 160
:1 Paso. TX. 79905
915/533-3484

723 Main. Suite 610
Houston. TX 77002
:13/228-0701

806 Broadway. Suite 312
Lubbock. TX. 79401
806.747-5238

4313 N. Tenth Suite F
McAllen. TX 78501
512-682-4547

200 Main Plaza. Suite 400
San Antonio. TX 78205
512-225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-150

Re: Compensation of judges of county courts at law and county criminal courts at law.

Dear Mr. Resweber:

You have requested our opinion regarding the compensation of certain judges in Harris County. Specifically you ask whether, pursuant to article 3883i-2, V.T.C.S., when the total annual salary and supplements of district judges in Harris County is set at $54,587, the Harris County Commissioners Court may fix the salary of each of the judges of the county courts at law and the county criminal courts at law at $53,482 per annum.

Section 1 of article 3883i-2, V.T.C.S., applies to Harris County, and reads in pertinent part:

> ... the Commissioners Court shall fix the salary of each of the Judges of the County Courts at Law and Judges of the County Criminal Courts at Law at [N]ot less than One Thousand Dollars ($1,000) less per annum than the total annual salary, including supplements, received by Judges of the District Courts in such counties. ...

(Emphasis added). Acts 1979, 66th Leg., ch. 686, § 4, at 1639.

Article 3883i-2, V.T.C.S., was originally adopted by the legislature in 1971 as Senate Bill 379, and contained two substantive sections, both of which employ the phrase "not less than" in establishing salary provisions in affected counties. Section 2, as amended by Senate Bill 686, of the 66th Legislature, relates to the salary of the county judge, and provides:

> ... the Commissioners Court shall fix the salary of the County Judge at not less than One Thousand Dollars ($1,000) more per annum than the total annual salary received by Judges of the County Courts at Law, and Judges of the County Criminal Courts at Law in such counties. ...

(Emphasis added). Senate Bill 686, § 4, at 1639-1640.

Standing alone it is possible that the phrase "not less than" in conjunction with "less" as used in section 1 of the act could be construed to establish a maximum or ceiling on the salaries to be paid the county level judges described therein. However, a provision will not be given a meaning out of harmony with other provisions and inconsistent with the purpose of the act, though it would be susceptible of such construction if standing alone. 53 Tex. Jur.2d 232, § 160.

The language "not less than," as used in section 2, clearly modifies the benchmark of "One Thousand Dollars ($1,000) more" to be used in computing the minimum salary to be paid the county judge. Construing the act as a whole and harmonizing its provisions, it follows that the phrase "not less than" in section 1 must be read to modify the benchmark of "One Thousand Dollars ($1,000) less" in computing the minimum salaries to be paid the judges thereby affected.

This interpretation further comports with the use of the phrase "not less than" throughout those statutory provisions surrounding it which provide for the compensation of county level officials. For example, the preceding article 3883i-1, V.T.C.S., consistently uses the phrase "not less than" to establish minimum salaries, with no upward limits. Ceilings or maximums are elsewhere established by use of the words "not more than," "nor more than," or "not to exceed." Similarly, statutory language setting upward limits on the compensation of certain district judges and justices of the courts of civil appeals utilized the phrase "may receive a . . . salary . . . which is one thousand dollars ($1,000) less" to establish a ceiling or maximum. (Emphasis added). Acts 1973, 63rd Leg., ch. 659, at 1809. See Attorney General Opinion H-123 (1973).

The consistent use of the phrase "not less than" to establish a minimum level of compensation, together with the consistent use of other words and phrases to establish maximums, leads to the conclusion that it is used in section 1 of article 3883i-2, V.T.C.S., to establish a minimum salary. Words are presumed to have been used in the same sense that they bear in another statute on the same or an analogous subject, as construed by decisions made before enactment of the law under consideration. 53 Tex. Jur.2d 270, § 181.

Had it intended to impose a maximum on the salaries provided for in article 3883i-2, V.T.C.S., the legislature could have utilized any of the traditional language employed elsewhere in the statutes, or simply said "less than one thousand dollars less."

Standing alone, the phrase "not less than" has been construed as an alternative to the phrase "at least" for purposes of establishing a minimum sum. See Commercial Union Insurance Co. of New York v. Mabry, 442 S.W.2d 413, 414 (Tex. Civ. App. -- Houston [1st Dist.] 1969, no writ), where the court held that the claimant's language in an action under the Workman's Compensation Act that he had earnings of "at least" $13 meant "not less than" and did not fix an upper limit to his allegations.

To construe "not less than" in conjunction with the term "less" to give it an interpretation of "not more than" would result in an application totally contrary to its accepted meaning. A statute will not be construed in such a way as to produce an absurd result. Oriental Hotel Co. v. Griffiths, 33 S.W. 652 (Tex. 1895). Attorney General Opinion H-123 (1973).

To sustain the position that the language of section 1 imposes a maximum, it would be necessary to change the affirmative statement — that the salaries must be "not less than" a certain level — to a negative, by having it read, "not more than" a certain level. The omission of words used, or the transposition of them, as a result of which the meaning is altered, cannot be permitted, unless necessary to carry out some plainly manifested intent. Miller v. Rodd, 131 A. 482, 483 (Pa. 1925). See also City of Olive Hill v. Howard, 273 S.W.2d 387 389 (Ky. 1954), where the court held that there is no distinction between "at least" and "not less than" and that each prescribes a "mandatory minimum." On this basis, it is readily apparent that the mandatory minimum which may be paid the affected judges under article 3883i-2, V.T.C.S., section 1 is one thousand dollars less than the total amount, including supplements, paid to district judges in affected counties.

We believe this interpretation is consistent with the normal statutory pattern followed in similar offices. The legislature establishes a minimum salary in the context of a salary structure designed to insure that each higher office receives a somewhat higher salary. See, e.g., Acts 1979, ch. 843, at 2470.

### SUMMARY

If the total annual salary, including supplements, received by each of the district court judges of Harris County, Texas, is $54,587, the Commissioners Court of Harris County, pursuant to article 3883i-2, V.T.C.S., must fix the salary of each of the county court at law and county criminal court at law judges at a minimum of $53,587 per annum.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bob Gammage
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Bob Gammage
Susan Garrison
William G Reid