Vahid **HARIRI** and Maryam Hariri, Appellees,

v.

**MORSE RUBBER PRODUCTS COMPANY, Appellant.**

No. 89–1924.

Court of Appeals of Iowa.

Oct. 23, 1990.

Gene R. Krekel of Hirsch, Adams, Hoth, Krekel, Putnam & Cahill, Burlington, for appellant.

George E. Wright of Napier, Wright & Wolf, Fort Madison, and Milt Harper of Harper & Cline, Columbia, Mo., for appellees.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

HAYDEN, Judge.

Vahid Hariri was employed by Electenergy Technologies, Inc. (E.T.I.). He went to the Morse Rubber Plant (Morse) to conduct an energy study to induce Morse to hire E.T.I. as a consultant. While Hariri was conducting a power factor test, a fire occurred and Hariri was severely burned.

Hariri's primary contention was a circuit panel was improperly marked and the lighting in the power room was poor. Testimony at trial indicated the central panel as marked "480–3 Main To Everything," and contained 480 volts. The right panel, containing 2,300 volts, was unmarked. Hariri hooked up a meter capable of handling a maximum of 600 volts to the unmarked right panel of 2,300 volts. An explosion and fire resulted.

Hariri was severely burned on over thirty percent of his body. Extensive skin grafting was required. Hariri remains par-

tially disabled, having only partial movement of some portions of his body.

Hariri and his wife sued Morse for Hariri's injuries. The jury found Morse seventy-five percent at fault, Hariri twenty-five percent at fault, and awarded Hariri $1,343,129.48 and his wife $180,000.

Morse appeals. It contends the district court erred by allowing Hariri's expert, Dr. Michael Devaney, to give an opinion as to whether the conditions at Morse violated the standards established by the National Electrical Code and Occupational Safety and Health Act (OSHA) regulations. Morse further asserts Devaney was unqualified to testify about the OSHA regulations.

Morse also claims the plaintiffs cannot recover damages in excess of the amount they had set out in their answers to interrogatories.

Morse next contends there was no factual support for the submission of jury instruction No. 9, which instruction stated that statements made prior to trial while not under oath are admissions. It asserts statements made by its employee, Walter Elke, were not made within the scope of actual or apparent authority during the continuation of his employment and while in the discharge of a duty under that employment.

Finally, Morse claims it was an error to permit Hariri to amend his petition after the jury was selected to include a claim for loss of earning capacity. It asserts Hariri did not have good cause for the amendment after the expiration of the deadline established in a court order. In response, Hariri points out that after permitting the amendment, the district court continued the trial for approximately four months.

Our review is limited to errors of law. Iowa R.App.P. 4. We are bound by the trial court's finding of facts if supported by substantial evidence. Iowa R. App. P. 14(f)(1).

Morse Rubber's main objections center around Hariri's expert witness, Dr. Devaney. Morse claims Dr. Devaney improperly testified as to a legal standard. Specifically, Morse claims Dr. Devaney improperly rendered his opinion on a legal matter whether Morse violated OSHA standards. Alternatively, he was not qualified to testify as to OSHA standards.

1. *Expert Witness Objections.*

██ We dispense with the issue of Dr. Devaney's qualifications first. The record discloses Dr. Devaney had extensive in-depth experience with electrical currents and electrical test equipment. Not only does he instruct on the subject, but he has written numerous professional articles and papers on various aspects of electricity.

> This state adheres to a liberal policy concerning the admissibility of opinion testimony. Such evidence will be admitted if it is of a nature that will aid the jury and is based upon special training, experience, or knowledge with respect to an issue in controversy. The admissibility of opinion testimony, lay or expert, has not been distilled into distinct rules. Rather, it rests in the sound discretion of the trial court, and the trial court's determination will not be disturbed on appeal unless manifest abuse of that discretion causing prejudice to the complaining party is shown.

*Bandstra v. International Harvester Co.,* 367 N.W.2d 282, 288 (Iowa App.1985) (citations omitted).

The record demonstrates he was well aware of proper industry safety practices and the National Electrical Code. The uncontroverted testimony at trial shows the National Electrical Code is the basis of the OSHA electrical regulations. We do not find Dr. Devaney stepped outside the realm of his acknowledged expertise in his testimony. *See, e.g. Thompson v. Bohlken,* 312 N.W.2d 501, 509 (Iowa 1981). We affirm the trial court on this issue.

██ Morse also contends Dr. Devaney testified as to a legal standard, namely, Morse's compliance with OSHA regulations. Initially, we examine the record for preservation of error. The trial judge did sustain one objection on the grounds the question called for an opinion on a legal standard. The trial judge indicated he

would make no anticipatory ruling to Morse's objection on this issue. Morse did not lodge a standing objection. Upon examination of the record for preservation of error, we determine Morse's objections were either not timely or were absent in pertinent parts of the record. Morse has failed to properly preserve its objection. *See, e.g., Peterson v. First National Bank of Iowa*, 392 N.W.2d 158, 163–164 (Iowa App.1986).

Furthermore, in recent years the Iowa Supreme Court has broadened the scope of permissible expert testimony. Morse's objection is without merit under prevailing case law.

Although it is frequently stated that witnesses should not be permitted to give their opinion on questions of domestic law, [citations omitted] there are exceptions to this rule. As presented in the committee comment accompanying Iowa Rule of Evidence 704, this limitation extends only to opinions of law which go the ultimate issue in this case....

The rule prohibiting legal opinions as to domestic law does not always apply, however, in situations where the legal issue is raised in such a manner that it becomes an operative fact to be proven within the case rather than a rule of decision for deciding the case. In *Martinson Manufacturing Co. v. Seery*, 351 N.W.2d 772, 778 (Iowa 1984), we recognized that within the "case within a case" context of a legal malpractice action it may be an issue of fact as to whether a lawyer's assessment of a legal proposition is correct. Arguably, the issue of the bank's misrepresentation of legal rights in the present case is presented within such a "case within a case" context.

... We have frequently stated that a trial court is entitled to exercise a broad discretion in the admissibility of expert testimony. [Citations omitted.] The legal issues which bore upon the accuracy of the alleged representations in the present case were simple, straightforward and scarcely subject to dispute.

*United Central Bank of Des Moines v. Kruse*, 439 N.W.2d 849, 852 (Iowa 1989).

The issue in this case is the negligence of Morse and the comparative negligence of Harari, not whether Morse complied with OSHA or the National Electrical Code. However, whether Morse complied with these standards is a "case within a case."

Dr. Devaney qualified as an expert on this subject. His testimony and opinion about the legal issue of Morse's *compliance* is an operative fact to be proven in the case rather than a rule of decision for deciding the case. *Id.* We affirm the allowance of Dr. Devaney's testimony concerning OSHA and the National Electric Code.

## 2. *Limitation on Damages*

■ Morse objects the trial court did not limit Hariri to the amount of damages asserted in Hariri's answer to interrogatory No. 23. The jury verdict resulted in a considerably larger award than the amount mentioned in that answer. Hariri's petition in this case contained an open-ended answer for "a fair, just and equitable amount."

Morse contends it should be granted a new trial because he was not given a fair chance to meet Hariri's evidence on damages at trial. Specifically, it contends the district court should have limited plaintiffs' recovery for lost wages to the amount set out in their interrogatories.

At the conclusion of the trial, Morse objected to jury instruction Nos. 19 and 20 as they did not limit the amount of damages to the amount listed in plaintiffs' answer to interrogatory No. 23. The court overruled the objections.

(2) A party is under a duty seasonably to amend a prior response if the party obtains information upon the basis of which: ...

. . . . .

(B) The party knows that the response though correct when made is no longer true and the circumstances are such that

a failure to amend the response is in substance a knowing concealment; ...
Iowa R.Civ.P. 122(d)(2)(B).

The purpose of this rule is to avoid surprise and to permit the issues to become both defined and refined before trial. *White v. Citizens Nat'l Bank of Boone,* 262 N.W.2d 812, 816 (Iowa 1978). We have previously recognized "[d]iscovery should expedite the disposition of litigation, by educating the parties in advance of trial of the real value of their claims and defenses, ..." *Barks v. White,* 365 N.W.2d 640, 643 (Iowa App.1985).

"A party defending a claim is clearly entitled upon appropriate pretrial request to be informed of the amount of the claim." *Gordon v. Noel,* 356 N.W.2d 559, 564 (Iowa 1984). There is no indication that at the time plaintiffs completed the interrogatory their answers were incorrect or not completed to the best of their ability. At issue is whether a failure to supplement those answers should have limited the amount of damages the jury was instructed it could award.

Our scope of review is for abuse of discretion by the trial court in failing to limit Hariri's recovery to the amount set forth in the interrogatory answers. Abuse of discretion has been previously recognized as the appropriate standard for cases involving sanctions for noncompliance with discovery rules and for the exclusion of evidence for failure to supplement interrogatories. *Miller v. Bonar,* 337 N.W.2d 523, 527 (Iowa 1983); *Barks,* 365 N.W.2d at 644.

The failure of a trial court to exclude evidence of damages not disclosed in answers to interrogatories has been held not to be an abuse of discretion even when the failure to update the answers may have been sufficient grounds for the imposition of sanctions. *Miller,* 337 N.W.2d at 527. Similarly, an answer in an interrogatory of damages incurred "to date" has been construed not to be a limitation on the amount of recovery a plaintiff may get. *Nash v. Schultz,* 417 N.W.2d 241, 244–45 (Iowa App.1987).

The case before us does not involve a situation in which a plaintiff has refused to provide any information regarding the amount of damages claimed. *See Gordon,* 356 N.W.2d at 564. In fact, the answer to interrogatory No. 23 indicates "and there will probably be future medical expenses of thousands of dollars." Plaintiff's prayer was open-ended.

In the *White* case, the plaintiff answered the interrogatory on damages with a claim of $4,900. *White,* 262 N.W.2d at 815. At trial she wanted to prove more than $25,000 in damages, an increase of over eighty percent. *Id.* The Iowa Supreme Court held the defendant might well have prepared differently for the trial it it had been apprised of this tremendous increase. *Id.* at 816.

In the present case, the claim was for already more than $1 million. The verdict only exceeded the claimed amount by $300,000, only about twenty-five percent more than stated in the interrogatories. A claim for $1 million plus should provide all the necessary motivation for a full investigation and exploration of the legal issues. We determine the trial court did not abuse its discretion in declining to limit the damages to plaintiffs' responses to interrogatory No. 23.

### 3. *Admissions of Parties.*

■ Morse objects to jury instruction No. 9. That instruction told the jury pretrial statements of Hariri and representatives of Morse were admissions.

Morse limits its objection to statements made by Walter Ekle. Ekle was Morse's Chief Plant Electrician. He was also in charge of the power room where the accident occurred.

Whatever is said by an agent to a third person, during the course of his duties and within the scope of his authority, relative to business contemplated by the agency in which he is then engaged is in legal intendment said by his principal and is admissible in evidence against such principal, even though the principal did not have knowledge of such statement. This principle operates in a criminal, as well as a civil, proceeding, and renders

an admission by an agent admissible against the principal the same as if the latter personally conducted the transaction in which it was made. The agent is regarded as the alter ego of the principal in making a statement which binds the latter.

29 Am.Jur.2d *Evidence* § 662 (1967).

It is clear Ekle was an agent acting within the scope of his authority. As chief plant electrician and person in charge of the power room, he is the alter ego of his principal, especially in this case. The principal here is a corporation. A corporation can only act through its officers or employees. *See, e.g., Mayrath Co. v. Helgeson,* 258 Iowa 543, 547–50, 139 N.W.2d 303, 305–07 (1966), *cited with approval in Brown v. United Fire & Casualty Co.,* 432 N.W.2d 708, 710 (Iowa App.1988). Ekle is the employee best situated to speak for Morse on electrical matters relating to the Morse facility involved. We affirm the trial court on this issue.

4. *Amendment to Petition.*

■ Morse complains the trial court erred by allowing Hariri to amend his petition during the course of the trial. This complaint is without merit. A party may even move to amend their petition to conform to the evidence at the end of trial. "Leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires." Iowa R.Civ.P. 88.

In considering this matter we start with the principle that trial courts have broad discretion in allowing late amendments under Rule 88, Rules of Civil Procedure, ...

This rule has always received liberal interpretation. Rule 88 contemplates amendments to conform to the proof at any time before final disposition. This includes the right to amend after conclusion of the evidence.

*Smith v. Village Enterprises, Inc.* 208 N.W. 35, 37 (Iowa 1973) (citations omitted); *accord Barnhouse v. Hawkeye State Bank,* 406 N.W.2d 181, 187 (Iowa 1987).

We determine the trial court did not abuse its discretion in allowing the amendment. The trial court is affirmed on this issue.

We affirm the trial court in all respects.

AFFIRMED.