Terry **WIERSGALLA, Sr.,** and Cindy Wiersgalla, Appellants,

v.

Warren **GARRETT,** d/b/a/ Carl's Wrecking and Crane Service and Iowa Electric Light and Power Company, Appellees.

No. 90–1887.

Supreme Court of Iowa.

June 17, 1992.

Mark S. Lagomarcino and Dale A. Knoshaug of Hanson, Bjork and Russell, Des Moines, for appellants.

Timothy J. Walker and Megan M. Antenucci of Whitfield and Eddy, Des Moines, for appellee Warren Garrett.

Andrew P. Matthews, Cedar Rapids, for appellee Iowa Elec. Light and Power Co.

McGIVERIN, Chief Justice.

Plaintiffs Terry and Cindy Wiersgalla, who instituted this personal injury action against defendants Warren Garrett and Iowa Electric Light and Power Company, appeal from a post-trial ruling of the district court, claiming they are entitled to a new trial. Our court of appeals agreed with plaintiffs' contentions, and reversed and remanded for a new trial on all issues raised. Although we agree that plaintiffs are entitled to a new trial, we believe defendant Iowa Electric Light and Power Company should be exempted from relitigating a second action.

Accordingly, we vacate the court of appeals decision, affirm in part and reverse in part the judgment of the district court, and remand for a new trial between plaintiffs and defendant Warren Garrett only.

I. *Background facts and proceedings.* Steve Goodwin, John Leagjeld, and plaintiff Terry Wiersgalla were the general partners of Rose City Canopy. Rose City Canopy was hired to erect a metal canopy over the gas pumps at the Pump and Pantry Store near Toledo, Iowa. The partnership hired defendant Warren Garrett, who was doing business as Carl's Wrecking and Crane Service, for the crane work necessary to lift and erect the large metal beams and columns used in constructing the canopy over the gas pumps.

During the construction of the canopy, Wiersgalla and his partner John Leagjeld were standing on scaffolding adjacent to a vertical column. Defendant Garrett was operating a crane which was lifting a large horizontal beam which Wiersgalla and Leagjeld were to bolt to the vertical column. Wiersgalla's partner Steve Goodwin was on the ground holding a stabilizing line tied to the end of the horizontal beam. When the beam was suspended a few inches above the column to which it was to be attached, defendant Garrett's crane apparently came into contact with overhead power lines owned by defendant Iowa Electric Light and Power Company (Iowa Electric). Both Wiersgalla and Leagjeld received an electrical shock; Wiersgalla fell to the ground and sustained injuries.

Wiersgalla and his wife Cindy thereafter instituted this action against Garrett, Iowa Electric, partner Steve Goodwin, and other defendants not involved in this appeal. The Wiersgallas sought damages for Terry's personal injuries and for loss of consortium. After a settlement was reached with Steve Goodwin and after other defendants were dismissed, the case proceeded to trial against only defendants Garrett and Iowa Electric.

At trial, evidence was presented that operation of defendant Garrett's crane within a specified distance of the power lines owned by defendant Iowa Electric violated, among other things, certain federal Occupational Safety and Health (OSHA) standards. Over plaintiffs' objections, the district court instructed the jury that any violation of such standards by partners Steve Goodwin or Terry Wiersgalla constituted negligence per se, but that any violation of the standards by defendants Garrett or Iowa Electric was merely evidence of negligence.

The jury determined that Terry Wiersgalla sustained $20,000 in damages as a result of his fall. However, it found that defendant Iowa Electric bore no percentage of fault for Wiersgalla's injuries. Rather, it found Terry forty-five percent at fault, partner Steve Goodwin forty-five percent at fault, and defendant Garrett ten percent at fault.

The Wiersgallas thereafter moved for a new trial, claiming that the district court erred in giving the jury instructions outlined above, and that the jury's damage award was inadequate. *See* Iowa R.Civ.P. 244. The district court granted plaintiffs'

motion for new trial as to the damages issue only, and otherwise overruled plaintiffs' motion. The court dismissed plaintiffs' petition as to defendant Iowa Electric.

Plaintiffs appealed, claiming that they were entitled to a new trial on all issues. We transferred the case to the court of appeals. *See* Iowa R.App.P. 401. That court agreed with plaintiffs' contentions and reversed the district court's judgment and remanded for a new trial on all issues against Garrett and Iowa Electric.

We granted the applications for further review of defendants Garrett and Iowa Electric. *See* Iowa R.App.P. 402. In addition to the question of whether the district court erred in giving the jury instruction outlined above, we consider defendant Iowa Electric's argument that, regardless of the challenged instruction, it should not be included as a defendant in any new trial because a jury already found that Iowa Electric bore no percentage of fault for plaintiffs' injuries.

No party on appeal challenges the district court's grant of a new trial as to damages. Our review is for errors of law. *See* Iowa R.App.P. 4.

II. *Jury instructions.* Plaintiffs contend that the district court erred in instructing the jury that a violation of certain OSHA standards by Steve Goodwin or Terry Wiersgalla constitutes negligence per se. A separate instruction stated that a violation of such standards by defendants Garrett or Iowa Electric constitutes merely evidence of negligence. More specifically, instruction 18 pertaining to Goodwin and Wiersgalla provided as follows:

> You have also received evidence of applicable safety code provisions related to Rose City Canopy, *as an employer.* Conformity with the provisions of a safety code *by an employer* is evidence of ordinary care and violation of its provisions *by an employer* is negligence per se. Negligence per se is conduct which may be treated as negligence without any argument or proof as to the particular surrounding circumstances, because the conduct is a violation of a statute designed for safety that no person exercising ordinary care would have violated. If you find Steve Goodwin or Terry Wiersgalla violated the applicable safety code provisions, such a violation would be negligence and you must then determine if such negligence was a proximate cause of the accident and injuries.

(Emphasis supplied).

Defendants Garrett and Iowa Electric argue that the district court's instruction is supported by our holding in *Koll v. Manatt's Transportation Co.,* 253 N.W.2d 265, 270 (Iowa 1977), that "violation by an *employer* of an OSHA or IOSHA standard is negligence per se as to his employee." (Emphasis supplied). Defendants argue that general partners such as Goodwin and Wiersgalla are correctly characterized as *employers,* and therefore that any violation of an OSHA standard by such partners constitutes negligence per se.

For purposes of this appeal, we assume, without deciding, that partners such as Goodwin and Wiersgalla should be considered "employers." *Cf. Carlson v. Carlson,* 346 N.W.2d 525, 527 (Iowa 1984) (individual partner of partnership was "employer" of partnership's employees). However, even assuming this to be true, we do not believe that Goodwin and Wiersgalla's alleged violation of OSHA standards constitutes negligence per se in this suit.

A. As a preliminary matter, it is well established that if a statute or regulation such as an OSHA standard provides a rule of conduct specifically designed for the safety and protection of a certain class of persons, and a person within that class receives injuries as a proximate result of a violation of the statute or regulation, the injuries "would be actionable, as ... negligence per se." *Koll,* 253 N.W.2d at 270. *See generally Brichacek v. Hiskey,* 401 N.W.2d 44, 47 (Iowa 1987); 57A Am.Jur.2d *Negligence* §§ 728, 803, at 657–58, 711–12 (1989). To be actionable as such, however, "the harm for which the action is brought must be of the kind which the statute was intended to prevent; and the person injured, in order to recover, must be within the class which [the statute] was intended to protect." *Koll,* 253 N.W.2d at 270. *See*

*generally* Restatement (Second) of Torts § 286, at 25 (1965). Once a plaintiff employee establishes that a defendant employer's violation of such a statute has resulted in the plaintiff's injuries, there is in effect a presumption that the defendant has violated his legal duty to exercise due care. *Cf. Koll*, 253 N.W.2d at 270.

These parameters on what constitutes negligence per se underlie our holding in *Koll* that a "violation by an *employer* of an OSHA or IOSHA standard is negligence per se *as to his employee.*" 253 N.W.2d at 270 (emphasis supplied); *see also Johnson v. Interstate Power Co.*, 481 N.W.2d 310, 315 (Iowa 1992). This is because one of the primary purposes of OSHA standards is to protect a certain class of persons, employees, from the kind of harm that the standards are designed to prevent: work-related injuries. *See Union Pac. R.R. v. Johnson*, 264 N.W.2d 796, 799 (Iowa 1978); 61 Am.Jur.2d *Plant and Job Safety* § 3, at 641 (1981). Thus, an employer's violation of an OSHA standard constitutes "negligence per se in an action *by an employee against [the] employer.*" *Eister v. Hahn*, 420 N.W.2d 443, 445 (Iowa 1988) (emphasis supplied). In other cases, however, a violation of an OSHA standard is merely "evidence of negligence as to all persons who are likely to be exposed to injury as a result of the violation." *Koll*, 253 N.W.2d at 270.

■ B. Even if we assume, as defendants assert, that general partners such as Goodwin and Wiersgalla should be characterized as "employers," their alleged violation of OSHA standards cannot constitute negligence per se here. That is true because this is not a suit by an employee against an employer. *Cf. Koll*, 253 N.W.2d at 270. This is a suit by plaintiff Terry Wiersgalla against co-workers Goodwin and Garrett and defendant Iowa Electric, who, in addition to Terry, may have caused

Terry's harm by violating OSHA standards. Under the facts here, a violation of an OSHA standard by Terry or any of the defendants would be merely evidence of negligence, and would not rise to the level of negligence per se.[1]

Because the district court instructed the jury that Goodwin and Wiersgalla's alleged violations of OSHA standards constituted negligence per se, we reverse and remand for a new trial.

■ III. *Disposition on remand.* Iowa Electric argues that, regardless of the challenged instruction, it should not be included as a defendant in any new trial because a jury already found that Iowa Electric bore no percentage of fault for plaintiffs' injuries.

Plaintiffs have failed in their brief "to state, to argue or to cite authority" in opposition to Iowa Electric's argument and we believe has impliedly conceded this issue. *Cf.* Iowa R.App.P. 14(a)(3). Furthermore, no party has pointed out any error by the district court concerning Iowa Electric.

Accordingly, we conclude that Iowa Electric should not be made a defendant on remand.

IV. *Summary.* In sum, we conclude that any alleged violation of OSHA standards by Goodwin or Wiersgalla constitutes evidence of negligence in this case. Because the district court instructed the jury otherwise, we reverse and remand for a new trial. However, we affirm the trial court's dismissal of defendant Iowa Electric and limit the parties on remand to plaintiffs Terry and Cindy Wiersgalla and defendant Warren Garrett.

We have considered the parties' other contentions and find them without merit or unnecessary to discuss.

---

1. The fact that Goodwin and Wiersgalla were partners in Rose City Canopy forecloses the possibility of there being an employer-employee relationship between the two. *See generally Ford v. Mitcham*, 53 Ala.App. 102, 104–05, 298 So.2d 34, 36 (1974); 59A Am.Jur.2d *Partnership* § 13, at 242 (1987). Thus, Wiersgalla cannot be characterized as an "employee" of Goodwin. Accordingly, the district court's jury instruction on remand should treat Wiersgalla and Goodwin the same and recite that any alleged violation of an OSHA standard by either of them is evidence of negligence.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

All Justices concur except CARTER, J., who takes no part.